UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| AARON C. CENTURIONI, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:25-CV-561-TLS-AZ |
| BRADY THOMAS, et al., | |
| Defendants. | |

OPINION AND ORDER

Aaron C. Centurioni, a prisoner without a lawyer, filed a complaint pursuant to 42 U.S.C. § 1983. (ECF 1.) The court must screen this pleading and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Centurioni is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Centurioni is being detained at the Dekalb County Jail pending trial on charges of possession of child pornography, child exploitation, fondling a child under age 14, child seduction, and other offenses. *See State of Indiana v. Centurioni*, No. 17D02-2507-F3-000008 (Dekalb Sup. Ct. filed July 14, 2025). A no-contact order was issued in the criminal case. *Id.* (docket entry July 16, 2025). In August 2025, Centurioni was charged with the separate offense

of invasion of privacy/violation of a protective order after he sent letters from the jail to his father that were intended for his wife and minor daughters, despite the existence of a civil protective order prohibiting such communications. *State of Indiana v. Centurioni*, No. 17D02-2508-CM-000547 (Dekalb Sup. Ct. filed Aug. 26, 2025). These charges also remain pending.

Centurioni asked the state court judge to vacate the no-contact order so he could have contact with his daughters, but the judge denied his request.[1] (ECF 1 at 2.) He believes it is unfair that he cannot have contact with his daughters and asks this court to "dismiss" the no-contact order. (*Id.*) He also believes jail staff should not have opened his mail without his permission and asks for $500,000 in damages.

A federal court does not have authority to interfere with or "dismiss" an order entered by state judge in a pending criminal case. *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). If he is asking the court to vacate the order of protection issued in the civil case (which formed the basis for the second criminal charge), the *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Kowalski v. Boliker*, 893 F.3d 987, 995 (7th Cir. 2018) (citation omitted). The doctrine applies "even though the state court judgment might be erroneous or even unconstitutional." *Gilbert v. Ill. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010) (citation and internal quote marks omitted).

He also cannot sue jail officials simply for enforcing a court order. *See Richman v. Sheahan*, 270 F.3d 430, 436–37 (7th Cir. 2001); *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238–39 (7th Cir. 1986). Although he complains that jail staff opened his "legal mail"

---

[1] It is not clear from either his allegations or available public records in which case he made this request.

2

without his permission, this is a term of art referring only to mail to or from the inmate's legal counsel that is clearly marked as such. *Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005). Centurioni does not allege that jail staff opened mail to or from his attorney; instead, the letter in question appears to have been addressed to his father. An inmate's non-legal mail—such as letters to family members—can be opened and inspected even outside of his presence without violating the First Amendment. *Id.*; *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). Nor does he have an unfettered right under the First Amendment to send mail that interferes with his ongoing criminal cases or harasses others who do not wish to receive his communications. *See Turner v. Safley*, 482 U.S. 78, 89 (1987); *Koutnik v. Brown*, 456 F.3d 777, 784 (7th Cir. 2006).

Therefore, the complaint does not state a claim for relief. "[L]itigants in this circuit are ordinarily given the chance to amend their pleadings once as a matter of course" before a case is dismissed. *Newson v. Superior Ct. of Pima Cnty.*, 784 F. App'x 964, 965 (7th Cir. 2019); *see Luevano v. Wal-Mart*, 722 F.3d 1014, 1022 (7th Cir. 2013). In light of this, Centurioni will be given an opportunity to file an amended complaint before the case is dismissed.

For these reasons, the court:

(1) GRANTS the plaintiff until **March 30, 2026**, to file an amended complaint; and

(2) CAUTIONS him that if he does not file an amended complaint by the deadline, this case is subject to dismissal under 28 U.S.C. § 1915A.

SO ORDERED on March 2, 2026.

> s/ Theresa L. Springmann
> JUDGE THERESA L. SPRINGMANN
> UNITED STATES DISTRICT COURT