**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

AARON C. CENTURIONI,

      Plaintiff,

          v.                          CAUSE NO. 1:25-CV-561-TLS-AZ

BRADY THOMAS, et al.,

      Defendants.

**OPINION AND ORDER**

Aaron C. Centurioni, a prisoner without a lawyer, filed a document labeled, "Amended Complaint." (ECF 12.) The Court determined that his original complaint did not state a claim for relief and was subject to dismissal under 28 U.S.C. § 1915A but gave him an opportunity to replead before the case was dismissed. (ECF 11.) He responded with the present filing.

As a preliminary matter, he did not use the Court's approved complaint form for prisoner civil rights cases, nor is his filing a complete document. *See* N.D. Ind. L.R. 7-6 (explaining that the Court can require litigants representing themselves to use clerk-supplied complaint forms when available). Instead, his filing is one page long and reads more like a letter responding to the Court's screening order. (ECF 12.) This does not comply with the Local Rules of this District, which require an amended complaint to "reproduce the entire pleading as amended" rather than simply incorporating a prior pleading by reference. N.D. Ind. L.R. 15-1(b)(1). Nevertheless, because the crux of his claim is discernible from this document, the Court will proceed to screen his pleading as drafted.[1]

---

[1] Because Centurioni is proceeding without counsel, the Court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The Court must screen and dismiss his pleading if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As explained in the original screening order, Centurioni is being detained at the Dekalb County Jail pending trial on charges of possession of child pornography, child exploitation, fondling a child under age 14, child seduction, and other offenses.[2] *See State of Indiana v. Centurioni*, No. 17D02-2507-F3-000008 (Dekalb Sup. Ct. filed July 14, 2025). A no-contact order was issued in the criminal case. *Id.* (docket entry July 16, 2025). In August 2025, Centurioni was charged with the separate offense of invasion of privacy/violation of a protective order after he sent letters from the jail to his father that were intended for his wife and minor daughters, despite the existence of a civil protective order prohibiting such communications. *State of Indiana v. Centurioni*, No. 17D02-2508-CM-000547 (Dekalb Sup. Ct. filed Aug. 26, 2025). This charge also remains pending. *Id.*

Centurioni repeats his allegation that DeKalb County Jail staff improperly opened his mail and that he should not have to face a criminal charge because of this. As he was previously told, the Court does not have authority to dismiss or otherwise interfere with the pending criminal charges. *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Nor can he sue jail officials simply for enforcing a court order. *See*

---

[2] The Court is permitted to take judicial notice of public records at the pleading stage. *See* Fed. R. Evid. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647–48 (7th Cir. 2018).

*Richman v. Sheahan*, 270 F.3d 430, 436-37 (7th Cir. 2001); *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238-39 (7th Cir. 1986). He complains that jail staff opened and confiscated his mail without his permission, but it is evident they did so to ensure compliance with the no-contact order. Additionally, mail to a family member—like the letters he sent to his father—can be opened and inspected even outside of his presence without violating the First Amendment. *Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005); *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). He also does not have an unfettered right under the First Amendment to send mail that interferes with his ongoing criminal cases or harasses others with whom he is prohibited from communicating. *See Turner v. Safley*, 482 U.S. 78, 89 (1987); *Koutnik v. Brown*, 456 F.3d 777, 784 (7th Cir. 2006).

Therefore, the amended complaint does not state a claim for relief. "[L]itigants in this circuit are ordinarily given the chance to amend their pleadings once as a matter of course" before a case is dismissed. *Newson v. Superior Ct. of Pima Cnty.*, 784 F. App'x 964, 965 (7th Cir. 2019); *see also Luevano v. Wal-Mart*, 722 F.3d 1014, 1022 (7th Cir. 2013). Centurioni was already given this opportunity, and the Court finds no reason to conclude that if given another opportunity, he is likely to state a viable constitutional claim consistent with what he has already alleged.

For these reasons, the Court DISMISSES this action pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted, and DIRECTS the clerk to close the case.

SO ORDERED on April 23, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

3